Kattan v 119 Christopher LLC (2020 NY Slip Op 01264)





Kattan v 119 Christopher LLC


2020 NY Slip Op 01264


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11089 156876/16

[*1] Rahamim Kattan, et al., Plaintiffs-Appellants,
v
119 Christopher LLC, etc., Defendant-Respondent.


Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellants.
Golino Law Group, PLLC, New York (Brian W. Shaw of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 9, 2019, which denied plaintiffs' motion for summary judgment and granted defendants summary judgment dismissing the action pursuant to CPLR 3212(b), unanimously affirmed, without costs.
The motion court correctly determined that the stipulation of settlement in the prior action was a bona fide effort to resolve a legal dispute within the confines of the Rent Stabilization Code, as plaintiffs and the other parties to the stipulation were represented by counsel in that action (see 9 NYCRR 2520.13). We note that, contrary to defendant's contention, plaintiffs' rights under the rent stabilization laws do not arise from the stipulation but under the relevant statutes that confer rent stabilization protections on them, and that those rights were not and could not be terminated simply because the previous landlord failed to offer plaintiffs rent-stabilized leases (see id.; 9 NYCRR 2525.1). However, given that the stipulation stated that plaintiffs were rent stabilized tenants, calculated in good faith the legal regulated rent for each tenant, and provided compensation for the alleged overcharges, the court correctly determined that the stipulation was not an attempt to circumvent the rent stabilization laws and therefore was enforceable (see 204 Columbia Hgts., LLC v Manheim, 148 AD3d 59, 69 [1st Dept 2017], lv dismissed 29 NY3d 1119 [2017]). Because plaintiffs did not establish a basis for their overcharge claims outside the stipulation, the court correctly dismissed the cause of action for overcharges.
In view of the foregoing, we do not reach the question whether the court correctly dismissed the complaint on the ground that necessary parties to the action were not joined (see CPLR 1001).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK